# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Zeron Moody (#2017-0623208), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22 C 897 |
| v. ) | |
| ) | Hon. Gary Feinerman |
| Thomas Dart, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's renewed application for leave to proceed *in forma pauperis* [6] is granted. The court orders the trust fund officer at Plaintiff's place of confinement to deduct $31.00 from Plaintiff's account for payment to the Clerk as an initial partial payment of the filing fee and to continue making monthly deductions as detailed in this order. The Clerk is directed to: (1) send a copy of this order (electronically if possible) to the trust fund supervisor at the Cook County Jail and the court's Fiscal Department; (2) file the complaint [1]; (3) issue 23 summonses for service of the complaint [1] on Officers D. Graham, C. Smith, A. Flores, C. Hill, C. Castanada, M. Godantov, J. Covarrubias, C. Evans, T. Tiscareno, K. Falls, L. Ornelas, A. Cruz, R. Cuzares, E. Cuellar, A. Qureshi, P. Howard, C. Escalante, L. Fernandez, V. Ramos, J. Smith, G. Hernandez, S. Gomez, and Sergeant Dewberry by the U.S. Marshals Service; (4) correct the caption to reflect that D. Graham is the lead defendant; (5) add M. Godantov, J. Covarrubias, C. Evans, T. Tiscareno, K. Falls, L. Ornelas, A. Cruz, R. Cuzares, E. Cuellar, A. Qureshi, P. Howard, C. Escalante, L. Fernandez, V. Ramos, J. Smith, G. Hernandez, S. Gomez, and Sergeant Dewberry to the docket as defendants; (6) terminate Sheriff Dart as an active defendant on the docket; and (7) send Plaintiff 23 blank USM-285 service forms (one for each remaining defendant) and a copy of this order. Plaintiff must complete the USM-285 forms and return them to the Clerk in care of the Prisoner Correspondent. He should provide as much identifying information as possible on each form (physical description, full name, badge number, etc.). If Plaintiff fails to comply by 6/14/2022, this case will be dismissed with prejudice for want of prosecution. The Marshals Service is appointed to effectuate service and is authorized to send requests for waiver of service pursuant to Civil Rule 4(d). Plaintiff's renewed motion for attorney representation [7] is denied without prejudice. The status hearing set for 5/18/2022 [8] is stricken and re-set for 7/12/2022 at 9:30 a.m. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**STATEMENT**

Cook County Jail detainee Zeron Moody initiated this *pro se* lawsuit under 42 U.S.C. § 1983 against twenty-four correctional officials concerning an alleged incident at the Jail on November 19, 2021. Plaintiff's renewed application to proceed *in forma pauperis* (IFP) and complaint are before the court.

To support his renewed IFP application, Plaintiff submitted the same financial documents that he did in Case No. 22 C 1496: a trust fund certification dated March 8, 2022, along with supporting ledgers for more than one year prior to initiating this lawsuit. He received a total of $930 in the six-month period prior to initiating this litigation (from August 14, 2021, to February 14, 2022). However, he did not receive $402 in income after the November 19, 2021 incident at issue in this case.

Generally, because prisoners receive the necessities of life, including food, clothing, shelter, and medical care, all their assets are available to finance their litigation. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016). They may not devote their income to personal items and then plead poverty when it is time to pay for their litigation. *See Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (an inmate "can save up … and pay the filing fee"). With that said, given Plaintiff's limited income after the incident, he could not have set aside funds to prepay the full filing fee, so the court will allow him to proceed IFP and pay the fee over time.

Pursuant to 28 U.S.C. § 1915(b)(1)-(2), the court thus orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $31.00 to the Clerk for payment of the initial partial filing fee; and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk twenty percent of the money he receives for each calendar month during which he receives $10 or more, until the $350 filing fee is paid in full. The court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the court must screen a *pro se* prisoner's complaint to ensure that it states a valid claim against a defendant who is not immune from liability. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). The complaint need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Ibid.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court must assume the truth of Plaintiff's allegations, *see Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013), and must construe *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The complaint alleges as follows. On November 19, 2021, Plaintiff was housed in Division 10, tier 4B, of Cook County Jail. Dkt. 1, pg. 6. After Officer Graham called in Plaintiff's request for medical attention, unspecified officers handcuffed him and placed him on the ground on his stomach. *Ibid*. "When other officers arrived they quickly rushed in while [Plaintiff] was handcuffed and on the ground and started to heavily assault [Plaintiff] by punching and kicking [him]." *Ibid*. "They brutally beat [Plaintiff] for several minutes," causing him to "pass[] out two times." *Ibid*. Sergeant Dewberry and Commander Stubenvoll "arrived with body camera they did nothing to stop officers from continuously beating [Plaintiff]." *Ibid*. "Every officer that was named" assaulted Plaintiff. *Ibid*. Plaintiff was ticketed and received 45 days of segregation even though camera footage shows that he "never assaulted any officers or used any [aggressive] actions." *Id*., pgs. 6-7.

This suit followed. Plaintiff names Sheriff Dart and five correctional officials in the caption and an additional eighteen correctional officials (including Sergeant Dewberry) in the section of the complaint that calls for a list of the defendants. He does not name Commander Stubenvoll in the caption or list of defendants. The court construes the complaint as alleging a failure to intervene claim against Sergeant Dewberry, excessive force claims against the named correctional officials who allegedly participated in the incident, and a supervisory liability claim against Sheriff Dart.

Because Plaintiff is a pretrial detainee, his claims arise under the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). An objective reasonableness standard applies to a pretrial detainee's failure-to-protect and excessive force claims. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). An officer who has "a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force," but fails to do so, may be held liable for his failure to intervene. *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). To state a failure to intervene claim, an inmate must allege facts suggesting that "the defendant[ ] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted).

Plaintiff alleges that multiple officers attacked him while he was passively lying handcuffed on the ground. Accepting this allegation as true, it is plausible that Sergeant Dewberry could have ordered the other officers to step back rather than watching and recording the fracas. Thus, Plaintiff may proceed with a failure to protect claim against Sergeant Dewberry.

As to Plaintiff's excessive force claims, under the Fourteenth Amendment, a correctional official's use of force is excessive where it "amounts to punishment," is "not 'rationally related to a legitimate governmental purpose,'" or "'appear[s] excessive in relation to that purpose'" when viewed objectively. *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell v. Wolfish,* 441 U.S. 520, 538-41 (1979)). Plaintiff alleges that he was "attack[ed] by "[e]very officer that was named"—that is, by Officers Graham, Smith, Flores, Hill, Castanada, Godantov, Covarrubias, Evans, Tiscareno, Falls, Ornelas, Cruz, Cuzares, Cuellar, Qureshi, Howard, Escalante, Fernandez, Ramos, Smith, Hernandez, and Gomez. Given this allegation, his excessive force claims against all the officer defendants survive initial review.

Plaintiff is advised that his allegations are deemed true only at this early stage in the proceedings. Although Plaintiff is proceeding pro se, he is nevertheless subject to Federal Rule of Civil Procedure 11, which provides that by signing a pleading, a party represents to the court, among other things, that his factual contentions have evidentiary support or likely will have evidentiary support after further investigation. *See* Fed. R. Civ. P. 11(b). It appears that at least some of the incident was recorded, so the court will be able to compare Plaintiff's allegations at a later point. Plaintiff should be aware that if a more developed record indicates that any of his pleadings set forth knowingly false factual allegations, he may be subject to sanctions, including dismissal of this action, limitations on his ability to pursue litigation in this District even if he pays the filing fee in advance, and a "strike" under 28 U.S.C. § 1915(g). *See Mitchell v. Richter*, No. 2017 WL 752162, at *14 (E.D. Wis. Feb. 27, 2017) (assessing a "strike" at the summary judgment stage when "video footage utterly discredit[ed]" prisoner's allegations because the prisoner "never had any viable claims; they only appeared to be so because he manufactured them that way.").

This leaves Sheriff Dart. Although Plaintiff included Sheriff Dart in the complaint's caption, the complaint's body does not contain any allegations directed at Dart. Plaintiff cannot establish a right to relief against a defendant by simply listing his or her name in the caption of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction given to *pro se* complaints.") In any event, to the extent that Plaintiff sues Sheriff Dart based on Dart's supervisory role at the Jail, there is no respondeat superior (*i.e.*, supervisory) liability under § 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, the court dismisses any § 1983 claim against Sheriff Dart without prejudice.

In sum, Plaintiff may proceed with a failure to intervene claim against Sergeant Dewberry and excessive force claims against Officers Graham, Smith, Flores, Hill, Castanada, Godantov, Covarrubias, Evans, Tiscareno, Falls, Ornelas, Cruz, Cuzares, Cuellar, Qureshi, Howard, Escalante, Fernandez, Ramos, Smith, Hernandez, and Gomez. Any claim against Sheriff Dart is dismissed without prejudice. The court directs the Clerk to issue summons for service of the complaint on Sergeant Dewberry and Officers Graham, Smith, Flores, Hill, Castanada, Godantov, Covarrubias, Evans, Tiscareno, Falls, Ornelas, Cruz, Cuzares, Cuellar, Qureshi, Howard, Escalante, Fernandez, Ramos, Smith, Hernandez, and Gomez and to mail Plaintiff 23 blank USM-285 forms.

The court instructs Plaintiff to file all future papers concerning this action with the Clerk in care of the Prisoner Correspondent. Plaintiff must promptly submit a change-of-address notification if he is transferred to another facility or released. If he fails to comply, this case will be subject to dismissal with no further warning.

Finally, Plaintiff's renewed motion for attorney representation is denied without prejudice. He previously said that he had written to one law firm and one attorney. He now has attached a photocopy of his motion for attorney representation in *Moody v. Dart*, 22 C 897 (N.D. Ill.), with the names of the additional defendants in that case crossed out that says he has contacted on additional attorney. This effort remains insufficient. *See Eagan v. Dempsey*, 987 F.3d 667 (7th

Cir. 2021). In any event, counsel is not necessary as Plaintiff merely needs to complete and return the service forms that the Clerk will provide. Nothing else is required or appropriate at this time. If Plaintiff wants to renew his motion, he may do so after the defendants respond to the complaint. In the meantime, he should continue contacting attorneys and legal organizations and should also write the attorneys listed in his motions for a second time and advise them that his failure to intervene and excessive force claims have survived initial review.

May 17, 2022                                              _____
                                                          United States District Judge